UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GEORGIA FILM FUND FOUR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-186 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| DOES 1-16, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a motion to quash filed by a *pro se* defendant [Docs. 8]. The Plaintiff has responded in opposition to this motion. [Doc. 9]. The Court has considered the parties' positions and the applicable law, and the Court finds that the motion is not well-taken. See Killer Joe Nevada v. Does, Case No. 3:13-CV-217, Memorandum and Order (E.D. Tenn. Oct. 28, 2013).

The Court finds, first, that the Doe Defendant does not have standing to object to the subpoenas served upon third-party internet service providers. See Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013); First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011).

Further, the Court finds that the Doe Defendant has not demonstrated that the subpoena at issue should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the subpoena does not impose a burden upon the Doe Defendant. In addition, the Court finds that the Doe Defendant has not demonstrated that the

Court should issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, because again, the Doe Defendant has failed to demonstrate that the subpoena imposes a burden upon the Defendant.

Finally, the Doe Defendant has not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure. Moreover, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." First Time Videos, 276 F.R.D. at 247 (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)). Because the Doe Defendant has already shared the information sought in the subpoena with the ISP for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

Accordingly, the Court finds that the motion to quash **[Doc. 8]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge